The appeals are by respondent’s former wife (1) from an order of the Family Court, Nassau County, made in the first above-entitled proceeding and dated February 3, 1967, which (a) increased from $40 to $60 the weekly amount respondent was directed by a prior order of said court, dated March 11, 1966, to pay for support of the parties’ child and (b) denied an application to direct respondent to pay arrears for support of the child which had accrued under a 1961 order of the former Domestic Relations Court of the City of New York, Kings County, and (2) from so much of an order of the Family Court, Kings County, made in the second above-entitled proceeding and dated March 7, 1967, as denied petitioner’s application for recovery of the same arrears, without prejudice. Order dated February 3, 1967 modified, on the law and the facts, (1) by adding to the first decretal paragraph thereof a provision that the payments for the child’s support shall be increased to $80 per week commencing December 23, 1968 and (2) by striking out the second decretal paragraph thereof, which denied the application as to arrears, and substituting therefor a decretal paragraph granting said application and directing respondent to pay, through the Accounts Division of the Family Court, Nassau County, $2,720 in arrears which became due and owing prior to the commencement of the Uniform ¡Support of Dependents Law proceeding in Florida. As so modified, order affirmed, without costs. Order dated March 7, 1967 affirmed insofar as appealed from, without costs. No opinion. A chEd is entitled to support from its father not only in accord with its needs but also in accord with the father’s means. This encompasses his ability to pay in relation to his wealth. The rule is the same whether the support proceeding is a local one or one brought, as was the first above-entitled proceeding, under the Uniform Support of Dependents Law (Domestic Relations Law, § 34; Family Ct. Act, § 413; Landes v. Landes, 1 N Y 2d 358). There is no question that respondent is possessed of sufficient means to afford the support of the chEd in the amount herewith directed. We also note that since 1958 neither the additional separation agreement nor any court order made payment of support conditional on visitation rights or required that the chEd be maintained in New York. Respondent never made a motion to be relieved of his duty of support but unilateraEy stopped making payments during the period of June 14, .1965 until March 11, 1966 because the child was removed from this State. Under these circumstances respondent should not be relieved of his obligation to pay the arrears for this period of time (Abraham v. Abraham, 28 A D 2d 864, affd. 22 N Y 2d 857). The Family Court in Nassau 'County is empowered by section 171 of the FamEy Court Act to enforce payment of arrears of support payments which were directed by court order made in another county, whether such order was made by the Family Court or by the former Domestic Relations Court of the ¡City of New York (see FamEy Court Act, § 171; L. 1962, ch. 688, § 2, subd. [b]; Domestic Relations Law, § 41, subd. 1). Christ, Acting P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.